```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                :
VINCENT ALAIMO, et al.                                          :
                                                                :    07 CIV 7624 (KMK)(MDF)
                                Plaintiffs,                     :
                                                                :    REPORT AND RECOMMENDATION
        -against-                                               :
                                                                :
                                                                :
GENERAL MOTORS CORPORATION, et al.                              :
                                                                :
                                Defendants.                     :
---------------------------------------------------------------X
```

TO:  THE HONORABLE KENNETH M. KARAS, U.S.D.J.

Plaintiffs, Vincent Alaimo, Susan Alaimo and Minette Alaimo proceed *pro se* in this action seeking recovery in connection with a motor vehicle accident which occurred on February 21, 1995.  Now before the Court are motions to dismiss from General Motors Corporation (Docket No. 3) and Brian Everest (Docket No. 6) (together, the "Defendants"), the only two named defendants in this action that appear to have been served by Plaintiffs.  *See* Aff. of Timothy J. McHugh, Nov. 30, 2007 ¶ 4; Reply to Aff. in Supp. of Mot. to Dismiss, Dec. 5, 2007 ("Pls.' Opp. Br.") at 3.[1]  Defendants assert, *inter alia*, that the complaint should be dismissed on

---

[1] Plaintiffs failed to serve Gerald Cooper, John Melvin and Dr. Brent Benson, the remaining defendants named herein, within the 120 day period prescribed by Rule 4(m).  On January 4, 2008, Judge Brieant granted Plaintiffs an additional month to serve these defendants. *See* Docket No. 11.  Based on correspondence with the Court, it does not appear that Plaintiffs were able to effect service within this period.  *See* Letter from Pls.' to Court, Feb. 4, 2008. Counsel for General Motors and Mr. Everest has advised Plaintiffs, moreover, that they are not authorized to accept service on behalf of the remaining defendants.  *See* Letter from Timothy J. McHugh to Court, Feb. 5, 2008.  Nevertheless, it appears that any attempt to assert a claim based on allegations of false statements made by Mr. Cooper, Mr. Melvin or Dr. Benson during the course of the prior state court proceeding – notably, the only allegations seemingly related to these defendants, *see* Compl. ¶¶ 49-56; Aff. of Timothy J. McHugh, Sept. 19, 2007 ("McHugh Aff."), Ex. E; Pls.' Opp. Br. at 9-11 – would be barred under the absolute privilege discussed below.

*res judicata* or collateral estoppel grounds. For the reasons that follow, I recommend that this case be dismissed.

## BACKGROUND

**State Court Action**

In February, 1995, Mr. Alaimo was severely injured when his 1995 Chevrolet Blazer, manufactured by General Motors, went out of control and collided with a tree. Mr. Alaimo alleged that his injuries were exacerbated because the vehicle's airbag failed to properly deploy. Mr. Alaimo and his wife, Susan Alaimo, individually and as parents and natural guardians of Minette Alaimo, commenced an action sounding in products liability and breach of warranty in New York State Supreme Court, Sullivan County, against General Motors and Fulton Chevrolet-Cadillac. *See* McHugh Aff., Ex. B (complaint filed in New York Supreme Court, Sullivan County). After trial, a unanimous jury concluded that the vehicle was not defective. *See id.*, Ex. F (*Alaimo v. General Motors Corp.*, 32 A.D.3d 627 (3rd Dep't 2006) ("*Alaimo I*")).

On June 8, 2005, Justice Clemente entered judgment upon the verdict rendered in favor of the defendants in Supreme Court, and the Alaimos thereafter appealed. The Appellate Division, Third Department, affirmed the judgment and found that the Supreme Court properly determined that the verdict was supported by the evidence. *Id.* On November 3, 2006, Plaintiffs' motion for permission to appeal to the Court of Appeals was denied. McHugh Aff., Ex. G.

**The Complaint**

On August 27, 2007, Plaintiffs filed the complaint in this action, which contains the following allegations set forth as eight claims:

(1) While operating his 1995 Chevrolet on February 21, 1995, Mr. Alaimo sustained severe injuries as a result of the defective design and inadequate warnings and

instructions issued with his vehicle. Compl. ¶¶ 12-13.

(2) Plaintiffs' injuries were caused by the negligence of the defendants named herein. *Id.* ¶ 19.

(3) The defendants breached all warranties made in connection with the sale of Mr. Alaimo's substandard motor vehicle. *Id.* ¶ 25.

(4) Mr. Alaimo's wife, Susan Alaimo, has been deprived of the companionship, services and consortium of her husband. *Id.* ¶ 29.

(5) Mr. Alaimo's 11-year-old daughter, Minette Alaimo, has been deprived of the services of her father. *Id.* ¶ 36.

(6) Plaintiffs sustained money damages in lost earnings (from what appears to be a real estate rental business). *Id.* ¶ 41.

(7) Plaintiffs have suffered as the result of vandalism to their rental properties. *Id.* ¶ 45.

(8) Plaintiffs were denied a fair trial in New York State Supreme Court, Sullivan County, because the defendants misled the jury by presenting untruthful testimony and documentary evidence. *Id.* ¶¶ 49-56.

On October 2, 2008, Plaintiffs moved to recuse Defendants' counsel, the law firm of Lavin, O'Neil, Ricci, Cedrone & DiSipio, on the basis that attorneys from this firm will be called as witnesses at trial. *See* Docket. No. 13. At a pretrial conference held before me on October 25, 2008, I denied this motion with leave to renew.

Now before the Court are motions to dismiss from Defendants General Motors and Brian Everest.

## DISCUSSION

When considering a motion to dismiss a *pro se* complaint, the court must interpret the complaint liberally to raise the strongest arguments that the allegations suggest. *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (citations omitted). Plaintiffs' *pro se* pleadings must be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S.

3

5, 9 (1980) (citations omitted).

## *Res Judicata*

Defendant General Motors argues that Plaintiffs' claims are barred under the doctrine of *res judicata*, or claim preclusion, which provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 284-85 (2d Cir. 2000) (citations omitted).

"The preclusive effect of a New York judgment in a subsequent federal action is determined by New York law." *Ponterio v. Kaye*, No. 06 Civ. 6289, 2007 WL 141053, at *6 (S.D.N.Y. Jan. 22, 2007) (citations omitted). New York requires an identity of issues and identity of parties for *res judicata* to apply, and adheres to a broad transactional analysis. Thus, a later claim that arises from the same transaction or series of transactions will be barred even if the later claim is based on different legal theories or seeks additional relief. *See Ferris v. Cuevas*, 118 F.3d 122, 126 (2d Cir. 1997); *Ruiz v. Comm'r of Dep't of Transp. of City of New York*, 858 F.2d 898, 902 (2d Cir. 1988). "[W]hatever legal theory is advanced, when the factual predicate upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of *res judicata*." *Berlitz Schools of Languages of America, Inc. v. Everest House*, 619 F.2d 211, 215 (2d Cir. 1980).

*Res judicata* applies where: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same parties or those in privity with them; and (3) the claims asserted in the subsequent action were or could have been raised in the prior action. *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (citations omitted). Here, there is no doubt that the

state court trial and subsequent denial of Plaintiffs' appeal was an adjudication on the merits. A unanimous jury concluded that the vehicle at issue was not defective, and the Appellate Division affirmed the judgment of the Supreme Court that the verdict was supported by the evidence. *Alaimo I*, 32 A.D.3d 627.

Second, General Motors was a defendant in the prior state court action, *see id.*, and Plaintiffs cannot avoid the bar of *res judicata* by adding Brian Everest, a General Motors employee, as a new defendant in this action. *See Lacy v. Principi*, 317 F. Supp. 2d 444, 447 (S.D.N.Y. 2004) ("When a party has litigated a claim to final judgment, that party cannot avoid the *res judicata* effect of that judgment by bringing suit against a new defendant that is in privity with the original defendant."); *Cameron v. Church*, 253 F. Supp. 2d 611, 623 (S.D.N.Y. 2003) ("*Res judicata* operates to preclude claims, rather than particular configurations of parties; Plaintiff's addition of new defendants, in the context of allegations of their involvement in the series of alleged deprivations, does not entitle him to revive the previously-dismissed claims.")). Though privity has traditionally been narrowly defined, the modern conception of privity is applicable in the *res judicata* context where, as here, a new defendant has "a sufficiently close relationship to the original defendant to justify preclusion." *Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367-68 (2d Cir. 1995). As an employee of General Motors – more specifically, a Field Performance Assessment Group engineer who has worked for ten years on General Motors air bags and who testified as an expert in air bags on behalf of General Motors during the state court trial, *see* McHugh Aff., Ex. D at 7 – Mr. Everest's relationship with his employer, General Motors, is "sufficiently close" to find that privity exists for *res judicata* purposes in this case. *See, e.g., Amadsau v. Bronx Lebanon Hosp. Ctr.*, 03 Civ.

6450, 2005 WL 121746, at *8 (S.D.N.Y. Jan. 21, 2005) (finding employees and employer-defendant in prior litigation with same plaintiff to have "sufficiently close relationship" to be in privity for *res judicata* purposes); *John Street Leasehold, LLC v. Capital Mgmt. Res., L.P.*, 154 F. Supp. 2d 527, 542-44 (S.D.N.Y. 2001) (same), *aff'd*, 283 F.3d 73 (2d Cir. 2002) (*per curiam*).

Third, both the state court litigation and this case arise from the same transaction – that is, the injuries allegedly sustained by Plaintiffs as a result of the February 21, 1995 motor vehicle accident. It is the identity of facts surrounding the transaction or occurrence that constitutes the cause of action, not the legal theory upon which Plaintiffs choose to frame their complaint. *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 39 (2d Cir. 1992). The claims asserted in this action against General Motors, however labeled, concern the same transaction and factual circumstances as in the prior state court action and were or could have been raised therein.

Notably, even if Plaintiffs' conclusory allegations of fraud and misrepresentations made at trial could be credited, *see* compl. ¶¶ 49-56 (Plaintiffs' eighth claim), *res judicata* would still apply. *See Marshall v. Grant*, 521 F. Supp. 2d 240, 246 (E.D.N.Y. 2007) ("[Plaintiff's] assertions that the state court judgment was procured by perjury and misrepresentations does not take the claims asserted in this case out of the purview of res judicata.") (citing *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 500 F.3d 111, 122 (2d Cir. 2007); *Campaniello Imports, Ltd. v. Saporiti Italia, S.p.A.*, 117 F.3d 655, 661-63 (2d Cir. 1997)). Under New York law, "[t]he remedy for fraud allegedly committed during the course of a legal proceeding must be exercised in that lawsuit by moving to vacate the civil judgment (CPLR 5015(a)(3)), and not by another plenary action collaterally attacking that judgment." *Id.* (citing *St. Clement v. Londa*, 8 A.D.3d 89, 90 (1st Dep't 2004); *Vinokur v. Penny Lane Owners*

6

*Corp.*, 269 A.D.2d 226, 226 (1st Dep't 2000)).[2]

While I am sympathetic to the fact that Plaintiffs proceed *pro se*, there can be no dispute that Plaintiffs cannot bring the same case twice. *See Murphy v. Gallagher*, 761 F.2d 878, 879 (2d Cir. 1985) ("Although fair play demands that a party have his day in court, the doctrine of res judicata forecloses a second day."); *see also Goodson v. Sedlack*, 212 F. Supp. 2d 255, 258 (S.D.N.Y. 2002) ("It is understandable that [the *pro se*] plaintiff, no doubt believing that he should have prevailed in the first litigation, seeks another forum to press his claims. But a litigant is not permitted to litigate the same case twice.") (citation and internal quotations omitted).

That Plaintiffs mentioned certain federal statutes at oral argument, moreover, does not help. *See* Jan. 3, 2008 Tr. at 4-5. Even if Plaintiffs could plead a claim invoking federal question jurisdiction, such a claim would be barred by *res judicata* in this case. *See*, *e.g.*, *Jemzura v. Public Service Comm'n*, 971 F. Supp. 702, 707 (N.D.N.Y. 1997).[3]

---

[2] Some courts in this Circuit have found, contrary to the Court in *Marshall*, 521 F. Supp. 2d at 246, that New York law would allow a plaintiff to attempt a collateral attack on a judgment based on a demonstration that the prior judgment was procured by fraud. *See*, *e.g.*, *Goddard v. Citibank, NA*, No. 04 CV 5317, 2006 WL 842925, at *7 (E.D.N.Y. Mar. 27, 2006); *Smith v. Weinberger*, 994 F. Supp. 418, 421 (E.D.N.Y. 1998). Such an allowance in this case, however – where Plaintiffs are now seeking relief in state court under CPLR 5015(a)(3), *see* Pls.' Mot. for Recons. and Stay, Apr. 30, 2008 (Docket No. 15) ("Pls.' Mot. for Stay") – would run contrary to the fundamental principles of *res judicata* to prevent duplicative litigation, conserve judicial resources and prevent inconsistent decisions. *See EDP Med. Computer Sys., Inc. v. U.S.*, 480 F.3d 621, 624 (2d Cir. 2007). Indeed, Plaintiffs endeavor to have it both ways – that is, to stay this proceeding pending resolution of their motion under CPLR 5015(a)(3) for relief from judgment in state court. *See* Pls.' Mot. for Stay. This they may not do.

[3] Because I find that General Motors and Mr. Everest are in privity for purposes of *res judicata*, and, as explained below, that Plaintiffs' eighth claim is also barred by absolute privilege, it is unnecessary to address Mr. Everest's remaining argument with respect to collateral estoppel. *See* Mem. of Def. Brian Everest in Supp. of Mot. to Dismiss, Nov. 30, 2007, at 3-4.

**Absolute Privilege**

Plaintiffs' eighth claim based on allegations of perjury during the prior state court proceeding is also barred under the absolute privilege protecting statements made during the course of judicial proceedings. *See, e.g.*, Compl. ¶ 50 ("[The] defendants in this action during the Supreme Court litigation told untruths to benefit the defendants and told untruths regarding damages to the 1995 Chevrolet S10 Blazer VINCENT ALAIMO was driving on February 21, 1995 which is the vehicle in this litigation."). Statements made during the course of judicial proceedings are "absolutely privileged if, by any view or under any circumstances, [they] may be considered pertinent to the litigation." *Frierson-Harris v. Hough*, No. 05 Civ. 3077, 2006 WL 298658, at *7 (S.D.N.Y. Feb. 7, 2006) (quoting *Martirano v. Frost*, 25 N.Y.2d 505, 507 (1969)). Thus, there is no right of action under New York law for damages "against one who has caused the plaintiff to lose his or her case by means of perjured testimony." *Id.* (internal quotation marks and citations omitted); *see also Anchor Wire Corp. v. Borst*, 27 A.D. 728, 729 (1st Dep't 1951) ("It is settled law that a plaintiff who has lost his case because of perjured testimony cannot sue the perjurer for damages."). Judges, jurors, attorneys, the parties and witnesses are protected by this absolute privilege. *Id.* (citing *Park Knoll Assocs. v. Schmidt*, 59 N.Y.2d 205, 209 (1983)).[4]

Plaintiffs cannot, therefore, bring a claim against Mr. Everest, or any of the other witnesses from the state court trial, based on allegations of "untruths" told regarding damage to the vehicle at issue in the state court litigation. *See* Compl. ¶¶ 49-56. Such statements are

---

[4] The absolute privilege applies to bar civil suits for damages. Of course, perjury committed in a civil proceeding, if proven, can result in criminal prosecution.

directly related to liability and are clearly "pertinent" to the litigation. *See O'Brien v. Alexander*, 898 F. Supp. 162, 171 (S.D.N.Y. 1995) ("The absolute privilege embraces anything that may possibly or plausibly be relevant or pertinent, with the barest rationality, divorced from any palpable or pragmatic degree of probability.") (quoting *Grasso v. Matthew*, 564 N.Y.S.2d 576, 578 (3d Dep't 1991)); *see also Jones v. SmithKlineBeecham*, 07 CV 00033, 2007 WL 2362354, at *4 (N.D.N.Y. Aug. 14, 2007).

## CONCLUSION

For the foregoing reasons, I recommend that the motions to dismiss be granted (Docket Nos. 3, 6) and this case be dismissed.[5]

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(e), or a total of thirteen (13) working days (*see* Fed. R. Civ. P. 6(a)), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Kenneth M. Karas, at the United States Courthouse, 300 Quarropas Street, Room 633, White Plains, New York, 10601, and to the chambers of the undersigned at Room 434, 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to the Report and Recommendation will preclude later

---

[5] Because I find that this case should be dismissed, I further recommend that Plaintiffs' letter application seeking the Court's direction in serving Mr. Cooper, Mr. Melvin and Dr. Benson after the expiration of time to effect service (*see* Letter from Pls.' to Court, Feb. 4, 2008), as well as Plaintiffs' motion to stay this proceeding pending resolution of their motion for relief from judgment in state court (Docket No. 15), be denied as moot.

appellate review of any order to judgment that will be entered by Judge Karas. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of H.H.S.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); *Wesolek v. Canadair, Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988). Requests for extensions of time to file objections must be made to Judge Karas and should not be made to the undersigned.

IT IS SO ORDERED.

Dated: May 28, 2008
White Plains, New York

Respectfully submitted,

_____
MARK D. FOX
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Report and Recommendation have been sent to the following:

The Honorable Kenneth M. Karas, U.S.D.J.

Vincent Alaimo
P.O. Box 488
Ferndale, NY 12734

Timothy J. McHugh
Lavin, O'Neil, Ricci, Cedrone & DiSipio
420 Lexington Avenue
Suit 2900
New York, NY 10170