USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT ALAIMO, et al.

        Plaintiffs,

-v-

GENERAL MOTORS CORPORATION, et al.,

        Defendants.

Case No. 07-CV-7624 (KMK)(MDF)

ORDER ADOPTING
REPORT & RECOMMENDATION

KENNETH M. KARAS, District Judge:

  In this action, Plaintiffs Vincent Alaimo, Susan Alaimo, and Minette Alaimo (together, the "Plaintiffs"), proceeding pro se, seek recovery from Defendants General Motors Corporation ("GM") and Brian Everest (together, the "Defendants") in connection with a motor vehicle accident that occurred on February 21, 1995. (Compl. ¶ 58.)[1] The Court assumes the Parties' familiarity with the factual and procedural background of this case as it is set forth in Magistrate Judge Mark D. Fox's Report and Recommendation dated May 28, 2008 ("R&R").

  Defendants have filed separate motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The case was referred to Magistrate Judge Fox for review pursuant to 28 U.S.C. § 636(b).[2] On May 28, 2008, Magistrate Judge Fox issued a

---

[1] Although Plaintiffs also named Gerald Cooper, John Melvin, and Dr. Brent Benson as Defendants in this action, Plaintiffs failed to timely serve those three Defendants. (Aff. of Timothy J. McHugh, Nov. 30, 2007 ¶ 4; Reply to Aff. in Supp. of Mot. to Dismiss, Dec. 5, 2007 3.) The history of Plaintiffs' failure to serve these three Defendants is fully set forth in the Report and Recommendation of Magistrate Judge Fox. (R&R 1 n.1.)

[2] The case was referred to Magistrate Judge Fox for all purposes on September 14, 2007 by Judge Brieant. The case was assigned to this Court on December 12, 2007.

thorough Report and Recommendation, in which he concluded that this Court should grant Defendants' motions and dismiss the action. Plaintiffs were advised of their right to file objections to the R&R, but they did not do so.

A district court reviewing a report and recommendation addressing a dispositive motion "'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007) (quoting 28 U.S.C. § 636(b)(1)(C)). Under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 10 days after being served with a copy of the recommended disposition." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C).

Where a party does not submit an objection, "'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Donahue*, 2007 WL 831816, at *1 (quoting *Reyes v. Mantello*, No. 00-CV-8936, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003)). In addition, a party's failure to object will waive that party's right to challenge the report and recommendation on appeal. *See FDIC v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995) ("Our rule is that 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'" (quoting *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989))).

Here, Plaintiffs have not filed objections to the R&R. Accordingly, the Court has reviewed the R&R under the clear error standard. In so doing, the Court finds no clear error in the R&R, and therefore adopts it in its entirety. Even interpreting Plaintiffs' pro se complaint

2

broadly, *see Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (noting that a court should construe a pro se plaintiff's claims broadly), Plaintiffs have failed to state a claim that entitles them to relief.

As Magistrate Judge Fox's R&R amply explains, Plaintiffs' claims related to the February 21, 1995 car accident are barred under the doctrine of res judicata. (R&R 4.) Plaintiffs fully and finally litigated the issue of Defendant GM's liability for the February 21, 1995 accident through the appellate level of the New York State courts. (Aff. of Timothy J. McHugh, Nov. 30, 2007, Ex. F (*Alaimo v. Gen. Motors Corp.*, 820 N.Y.S.2d 170 (App. Div. 2006) (refusing to set aside the jury's verdict in favor of Defendant GM)).)[3] Plaintiffs cannot now pursue a second action against Defendant GM – or against Defendant Everest, a party clearly in privity with GM, *see Lacy v. Principi*, 317 F. Supp. 2d 444, 447 (S.D.N.Y. 2004) ("[A] party cannot avoid . . . res judicata . . . by bringing suit against a new defendant that is in privity with the original defendant") – on the basis of the same transaction and factual circumstances addressed in Plaintiffs' prior suit, *see Berlitz Sch. of Languages of Am., Inc. v. Everest House*, 619 F.2d 211, 215 (2d Cir. 1980) ("[W]hatever legal theory is advanced, when the factual predicate upon which claims are based are substantially identical, the claims are deemed to be

---

[3] Although Plaintiff Minette Alaimo voluntarily dismissed her claims in the state court action (Def. GM's Mem. in Supp. of Mot. to Dismiss ("Def. GM's Mem.") 3; Def. GM's Mem., Ex. E (Alaimos' Br. in Supp. of Mot. for a New Trial), at 4), her present claims are still barred by the doctrine of res judicata. "[A] party will be bound by the previous judgment if his 'interests were adequately represented by another vested with the authority of representation.'" *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000) (quoting *Alpert's Newspaper Delivery, Inc. v. The New York Times Co.*, 876 F.2d 266, 270 (2d Cir. 1989)). Here, Ms. Alaimo presents derivative claims based on injuries sustained by her father during the February 21, 1995 car accident. (Compl. ¶¶ 35-58.) Ms. Alaimo's interests in these claims were adequately represented by plaintiffs in the state court litigation, her parents Vincent and Susan Alaimo.

duplicative for purposes of res judicata.").

Magistrate Judge Fox also correctly determined that Plaintiffs' claims based on allegations of perjury during the prior state court proceeding are not actionable. (R&R 8.) As Magistrate Judge Fox's R&R noted, statements made during judicial proceedings are "absolutely privileged." *Frierson-Harris v. Hough*, No. 05-CV-3077, 2006 WL 298658, at *7 (S.D.N.Y. Feb. 7, 2006) (internal quotation marks omitted); *see also Sprecher v. Graber*, 716 F.2d 968, 975 (2d Cir. 1983) (holding that witness immunity bars civil suits against individuals for damages allegedly arising from statements made about the subject matter of the controversy in a judicial proceeding). New York law does not recognize a cause of action for damages "for alleged subornation of perjury in a prior action or proceeding, except where the perjury is part of a larger [fraudulent] scheme 'greater in scope than the issues determined in the prior proceeding.'" *Retina Assocs. of Long Island, P.C. v. Rosberger*, 751 N.Y.S.2d 50, 52 (App. Div. 2002) (quoting *Alexander v. City of Peekskill*, 436 N.Y.S.2d 327, 329 (App. Div. 1981)). Here, Plaintiffs allege no facts that "demonstrate the applicability of the exception to the general rule that there is no cause of action for such alleged conduct." *Id.*

For these and other reasons set forth in Magistrate Judge Fox's R&R, the Court adopts Magistrate Judge Fox's recommendation that Plaintiffs' case be dismissed for failure to state a claim on which relief can be granted.[4] Accordingly, it is hereby ordered that the Report and Recommendation dated May 28, 2008 is adopted in its entirety, and it is further ordered that

---

[4] It bears noting that the Court would adopt Magistrate Judge Fox's R&R even if reviewed de novo.

4

Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) are granted.[5]

The Clerk of Court is respectfully directed to enter judgment in favor of Defendants, terminate the pending motions (Dkt. Nos. 3, 23, 15), and close this case.

SO ORDERED.

Dated:    October 16, 2008
           White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiffs have also filed a motion seeking reconsideration of "any decision or order" decided in this litigation and requesting a stay of this litigation pending the outcome of proceedings before the New York Supreme Court. (Pls.' Mot. for Recons. & Stay 1-2.) Because Plaintiffs' action is dismissed for failure to state a claim, Plaintiffs' motion for reconsideration and stay is denied as moot.